UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANITA RODRIGUEZ,

                Plaintiff,

              -against-

THE CITY OF NEW YORK, DET. LARRY MARAJ, Shield No. 4810, Individually and his Official Capacity, and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

    Plaintiff ANITA RODRIGUEZ, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ANITA RODRIGUEZ is a Hispanic female and has been at all relevant times a resident of Bronx County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, DET. LARRY MARAJ and POLICE OFFICERS "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

12. On or about May 2, 2014, at approximately 7:15 p.m., in the County of Bronx, City, and State of New York, plaintiff ANITA RODRIGUEZ was lawfully parked in the vicinity of 9th Ave. and 204th St. New York, NY.

13. At the aforesaid time and place, defendant NYPD officers accosted plaintiff and demanded she exit her vehicle. Plaintiff complied and upon exiting said vehicle, these officers immediately began to search her vehicle and personal affects without her consent. As a result of this unlawful search, the officers found approximately one (1) Percocet pain pill for which plaintiff had a valid prescription from her doctor.

14. Thereafter, plaintiff attempted to explain that she had a valid prescription for this medication and showed defendants the prescription, which was in her car. However, despite the fact defendants were shown this prescription, defendants nonetheless placed plaintiff under arrest with her arms handcuffed tightly behind her back.

15. At no time on May 2, 2014, did defendants possess probable cause to arrest plaintiff.

16. At no time on May 2, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

17. At no time on May 2, 2014, did defendants possess probable cause to search plaintiff's person and/or vehicle.

18. At no time on May 2, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to search plaintiff's person and/or her vehicle.

19. Thereafter, plaintiff was placed in a police vehicle and driven around for approximately five (5) hours before she was transported to a nearby police precinct where she was searched, placed in a holding cell, and charged with Criminal Sale of a Controlled Substance and Criminal Possession of a Controlled Substance.

20. At no time on May 2, 2014, did plaintiff possess any controlled substances for which she did not have a valid proscription, sell any controlled substances, commit any of the aforementioned crimes or offenses, or behave unlawfully in any way.

21. Subsequently, plaintiff was transported to Central Booking where she remained for several hours before being transported to Bellevue Hospital for medical treatment. After receiving treatment at Bellevue, plaintiff was taken to another police precinct where she was detained for approximately eight (8) more hours before she was released from the precinct.

22. In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office. Thereafter, defendants repeatedly gave false and misleading information regarding the facts and circumstances of plaintiff's arrest. Specifically, defendants falsely stated that plaintiff unlawfully possessed Oxycodone and that plaintiff was observed handing a quantity of a controlled substance to an apprehended other.

23. As a result of his unlawful arrest, plaintiff ANITA RODRIGUEZ spent approximately thirty (30) hours in police custody before the New York County District Attorney's Office declined to prosecute the arrest on or about May 3, 2014.

24. In addition, as a result of her arrest, plaintiff's knee brace was confiscated by defendants and was not returned and plaintiff's pre-existing knee injury was aggravated. In addition, plaintiff suffered injuries to her wrists as a result of being handcuffed.

25. As a result of the foregoing, plaintiff ANITA RODRIGUEZ sustained, inter alia, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff's person, possessions, and vehicle were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

  i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

  ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

  iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

45. The acts complained of deprived the plaintiff of his right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. Not to have summary punishment imposed upon him; and

   D. To receive equal protection under the law.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 10, 2017

                                        BY:_____/S_____
                                        GERALD COHEN
                                        JOSHUA FITCH
                                        ILYSSA FUCHS
                                        COHEN & FITCH LLP
                                        Attorneys for Plaintiff
                                        233 Broadway, Suite 1800
                                        New York, N.Y. 10279
                                        (212) 374-9115